UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IBRAHIM K. MOHAMMED, et al.,
                Plaintiffs,

-v-                          17-CV-5520 (JPO)

DANA PAIGE, et al.,                OPINION AND ORDER
                Defendants.

J. PAUL OETKEN, District Judge:

      Plaintiffs Ibrahim Mohammed and Latasha Mohammed, proceeding *pro se*, bring this civil rights suit, alleging constitutional violations arising out of a child custody dispute in New York County Family Court. The Court construes their amended complaint as one brought pursuant to 42 U.S.C. § 1983. Plaintiffs claim that Defendants violated, and continue to violate, their constitutional rights under the Fifth and Fourteenth Amendments by depriving them of custody of their son without due process and denying their child's right to be protected from harm while in foster care. A subset of Defendants moves to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the motion is granted.

**I.    Background**

      The operative complaint for this motion is Plaintiffs' Amended Complaint. (Dkt. No. 8 ("Am. Compl.").) However, given that this is a *pro se* case, the Court will also consider the allegations made in the original complaint, which differ somewhat from the Amended Complaint. (*See* Dkt. No. 2 ("Compl.").)

      Plaintiffs are the mother and father of T.M., an infant child. T.M. was removed from Plaintiffs' care by the New York City Administration for Children's Services ("ACS"). Plaintiffs allege that several defendants violated Plaintiffs' constitutional rights by either failing

1

to accord Plaintiffs due process or by lying in the course of removing T.M. from Plaintiffs' care. Plaintiffs also allege that various Defendants failed to ensure that T.M. was properly cared for while in foster care.

There are two categories of Defendants. First, Plaintiffs sue several foster mothers—Defendants Madeline Echavaria, Ada Ortiz, and Georgia Silva—who cared for T.M. Second, Plaintiffs sue Defendants Dana Paige, Noreen Somervill, Cyril Jacobs, Allen Feltman, Fortunata DiMarco, Margo Miller, and Edgar Kab, the state employees responsible for overseeing and administering T.M.'s foster care during his temporary removal from Plaintiffs' custody. Plaintiffs make no specific allegations with respect to Defendants Veronica Harding and Tyesha Johnson. Plaintiffs are currently involved in an ongoing family court proceeding regarding Plaintiffs' alleged neglect of T.M. (Dkt. No. 24-3.)

DeMarco, Feltman, Harding, Jacobs, Johnson, Miller, Paige, and Somerville move to dismiss under Rule 12(b)(1) on several grounds, including the doctrine of *Younger* abstention. Defendants also contend that Plaintiffs fail to state a claim under Rule 12(b)(6).

**II.     Legal Standard**

On a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility if the well-pleaded factual allegations of the complaint, presumed true, permit the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hagan v. City of New York*, 39 F. Supp. 3d 481, 493 (S.D.N.Y. 2014) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. However, "[c]ourts are obliged to construe pro se pleadings liberally, and to interpret them 'to raise the strongest arguments that they suggest.'" *Sullivan v. New York*

*State Unified Court Sys.*, 15 Civ. 4023, 2016 WL 3406124, at *3 (S.D.N.Y. June 17, 2016) (internal citation omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a pro se complaint liberally.").

## III. Discussion

Defendants make several arguments for dismissal, but the Court need only discuss two: *Younger* abstention and failure to state a claim.

### A. *Younger* Abstention

Defendants argue that the Court must abstain from exercising jurisdiction over this action under the doctrine of *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971). Under this doctrine, "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). *Younger* abstention is based upon notions of comity and federalism and recognizes that state courts are presumptively capable of vindicating federal constitutional rights. *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198–200 (2d Cir. 2002).

Under *Younger*, courts abstain "from exercising jurisdiction only in three 'exceptional circumstances' involving (1) 'ongoing state criminal prosecutions,' (2) 'certain civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Falco v. Justices of the Matrimonial Parts of the Sup. Ct. of Suffolk Cty.*, 805 F.3d 425, 427 (2d Cir. 2015) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).

Plaintiffs are essentially asking the Court to review and intervene in ongoing New York Family Court custody proceedings relating to T.M. (and possibly Plaintiffs' other children as well). *See* Am. Compl. at 7 (requesting that Plaintiffs' children be returned to them and that the

3

"ACS cases [be] closed"). Under *Younger*, "a district court must dismiss [a] federal action if it involves ongoing . . . 'civil proceedings that are akin to criminal prosecutions.'" *Davis v. Baldwin*, 594 Fed. App'x. 49, 51 (2d Cir. 2015) (quoting *Sprint Commc'ns*, 571 U.S. at 72). As the Supreme Court and the Second Circuit have held, a "'state-initiated proceeding to gain custody of children allegedly abused by their parents,'" such as the proceeding challenged in the Amended Complaint, "falls within the second category." *Id.* (quoting *Sprint*, 571 U.S. at 79). Many courts in this district, on analogous facts, have abstained from exercising jurisdiction under *Younger*. *See, e.g.*, *Rhee-Karn v. Burnett*, 13 Civ. 6132, 2014 WL 4494126 (S.D.N.Y. Sept. 12, 2014); *Best v. City of New York*, 12 Civ. 07874, 2013 WL 1500444 (S.D.N.Y. Apr. 10, 2013). Although there are exceptions to *Younger* abstention, the parties do not discuss them and the Court does not find them applicable. *See Diamond "D" Const. Corp.*, 282 F.3d at 198 (permitting abstention "upon a showing of 'bad faith, harassment or any other unusual circumstance that would call for equitable relief,'" but noting that "a plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies") (quoting *Younger*, 401 U.S. at 54).

Accordingly, to the extent that Plaintiffs seek to nullify or interfere with ongoing Family Court proceedings regarding custody of T.M., this Court must abstain from and dismiss Plaintiffs' claims. Although not all Defendants move to dismiss, the Court may invoke *Younger* abstention *sua sponte*. *See, e.g.*, *Adams v. Orange Cty. of New York*, 13 Civ. 8549, 2014 WL 6646042, at *3 n.3 (S.D.N.Y. Nov. 12, 2014). Therefore, the claims against Dana Paige, Noreen Somerville, Cyril Jacobs, Allen Feltman, Margo Miller, and Fortunata DeMarco, which generally seek review of the ongoing Family Court proceedings, must be dismissed under *Younger*. The

4

same is true for the claims against Margo Miller, Donna Paige, Edgar Kab, and Madeleine Echavaria, which specifically seek to interfere in the Family Court or ACS proceedings.

### B. Failure to State a Claim

To the extent that the Amended Complaint alleges constitutional violations due to neglect or abuse of T.M. while in foster care, it must be dismissed for failure to state a claim. Plaintiffs have not alleged how any neglect or abuse of T.M. infringes *their* constitutional rights. *See, e.g., T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist.*, 11 Civ. 5133, 2012 WL 860367, at *3 (S.D.N.Y. Feb. 27, 2012) (collecting cases and noting that "[s]ection 1983 does not recognize a claim on behalf of one person arising from a violation of another person's rights"). Plaintiffs cannot sue based on alleged violations of the constitutional rights of others, even their own children. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[A] lay person may not . . . appear on behalf of his or her own minor child"); *see also Oliveras v. Saranac Lake Cent. Sch. Dist.*, 11 Civ. 1110, 2014 WL 1311811, at *24 (N.D.N.Y. Mar. 31, 2014) (collecting cases). Therefore, Plaintiffs have not adequately alleged a constitutional violation as a matter of law.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED as to all Defendants.

The Clerk of Court is directed to close the motion at Docket Number 21 and to close this case.

SO ORDERED.

Dated: May 23, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTIES BY CHAMBERS*